DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

Trustee for Debtor(s)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

In re:

HA, MINHTAM C

           Debtor(s)

) Chapter 13
) Case No. 12-58816 ASW
)
) Fourth Amended
) TRUSTEE'S OBJECTION TO
) CONFIRMATION WITH CERTIFICATE OF
) SERVICE
)
) Confirmation Date: N/A – Trustee's Pending List
)
)
) Judge: Arthur S. Weissbrodt
)
)

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this 0% Plan for the following reasons:

1. The Plan is in violation of 11 U.S.C. §1322(d) as the term exceeds 60 months. As proposed, the term is approximately 574 months. The term cannot exceed 60 months from the date the first payment was due.

2. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(4). Pursuant to the debtor's testimony at the Section 341 Meeting of Creditors, held on March 31, 2014, the debtor has assets in USA Global Inc, however; it has been omitted from Schedule B. An Amended Schedule B must be filed to list the value at the time of filing.

Trustee's Objection to Confirmation–12-58816 ASW

3. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(5). The debtor has listed six creditors on Schedule D but has omitted said creditors from the Plan. An amended Plan must be filed to add these creditors and served. Note: The debtor has provided a letter from Bank of America stating that the loan on the residence has been forgiven; however, said creditor still needs to be on the Plan.

4. The Trustee is unable to determine whether the liquidation test in 1325(a)(4) is met. In order to verify the debtor's interest in all of the real properties listed, the Trustee requests that the debtor provide a grant deed for each of the properties.

5. The debtor has failed to file a certificate of service to show that all creditors were noticed of the First Amended Plan filed July 16, 2013 [Docket #92]. In order to ensure compliance with Fed. R. Bankr. P. 2002 and 11 U.S.C. §1325(a)(1), the Trustee is unable to recommend confirmation until after a Certificate of Service is filed showing that all creditors have been noticed.

6. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1321. The debtor has failed to provide a dividend to unsecured creditors in Section 2(d) of the Plan. An Amended Plan must be filed and served on all creditors.

7. The plan is in violation of 11 U.S.C. §1322(b)(9). The debtor has failed to provide for the vesting of property in Section 6. An Amended Plan must be filed.

8. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(1). The Trustee cannot determine the term of the Amended Plan filed July 16, 2013 [Docket #92].

Trustee's Objection to Confirmation–12-58816 ASW

Case: 12-58816    Doc# 105    Filed: 07/18/14    Entered: 07/18/14 15:07:16    Page 2 of 5

9. The Trustee is unable to determine if the Plan is in compliance with 11 U.S.C. §1325(a)(4). The debtor has failed to complete the Schedule C-Property Claimed as Exempt. An Amended Schedule C must be filed and served on all creditors.

10. The plan is in violation of 11 U.S.C. §1325(a)(4), in that creditors would receive more under Chapter 7 liquidation. There is excess equity in the debtors' real and personal property while unsecured creditors will receive nothing under the proposed 0% plan. The Trustee is unable to determine the amount of equity for the following reasons:
    a. The debtor has listed six properties on Schedule A; however, the debtor has not provided for the full values for all of the properties. An Amended Schedule A must be filed.
    b. The debtor has listed the real property located at 115 New York Avenue Los Gatos, CA 95030 with a value of $36,064 on Schedule A; however this property has been omitted from Schedule D. An Amended Schedule D must be filed.

11. The debtor has omitted her prior Chapter 7 case 12-55263 from the Voluntary Petition Page, and therefore is not in compliance with Fed.R.Bankr.P. 1005 and 11 U.S.C. §301(a). An Amended Voluntary Petition Page must be filed.

12. The debtor has omitted her AKA "Minhtam Catherine Ha" from the Voluntary Petition Page, and therefore is not in compliance with Fed.R.Bankr.P. 1005 and 11 U.S.C. §301(a). An Amended Voluntary Petition Page must be filed and served on all creditors.

13. The Trustee requests that the debtor provide her with a balance sheet for her business as of filing date October 1, 2012. Until the requested document has been provided, the Trustee is unable to perform her duties under 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)) and is unable to recommend confirmation of the proposed plan.

14. The Trustee is unable to perform her duties under 11 U.S.C. §1302(b)(1) (incorporating 11 U.S.C. §704(a)(4)) because the debtor has not provided her with the tax return for the tax year 2013. Until this tax return has been provided, she is unable to recommend confirmation of the proposed Plan.

**THE TRUSTEE STRONGLY RECOMMENDS DEBTOR CONTACT AN EXPERIENCED CHAPTER 13 ATTORNEY FOR ASSISTANCE. DEBTOR'S FAILURE TO COMPLY WITH THE BANKRUPTCY CODE MAY RESULT IN DISMISSAL OF THE CASE.**

Dated: July 18, 2014             /S/ Devin Derham-Burk
                                 _____
                                 Chapter 13 Trustee

# CERTIFICATE OF SERVICE BY MAIL

I declare that I am over the age of 18 years, not a party to the within cause; my business address is 983 University Ave. C-100, Los Gatos, California 95032. I served a copy of the within Fourth Amended Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on July 18, 2014.

Said envelopes were addressed as follows:

| | |
|---|---|
| Minhtam C Ha<br>10745 Ridgeview Way<br>San Jose, CA 95127 | Pro-se |

/S/ Mary Lou Amaral_____
Office of Devin Derham-Burk, Trustee